**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH MORENO,<br><br>Plaintiff,<br><br>vs.<br><br>CATHERINE CORTEZ-MASTO, *et al.*,<br><br>Defendants. | 3:11-cv-00179-ECR-RAM<br><br>**ORDER** |

On May 12, 2011, the court issued a Screening Order that allowed an Eighth Amendment claim to proceed against certain defendants and dismissed other claims with leave to amend (docket #15). The Screening Order also denied plaintiff's motion for counsel. Before the court is plaintiff's motion for district judge to reconsider Screening Order and to reconsider plaintiff's motion for appointment of counsel and request for a ruling on a motion to extend copy work limit (docket #7).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order of May 12, 2011, the court directed that plaintiff's Eighth Amendment failure to protect claim would proceed and dismissed his Eighth Amendment medical claims with leave to amend (docket #15). In his motion, plaintiff states that he agrees that his medical claims should have been dismissed, but he renews his argument that he should be appointed counsel (docket #17). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's denial of his motion for appointment of counsel should be reversed.

Also before the court is plaintiff's motion for extension of the copy work limit (*see* docket #4, p. 2). Plaintiff states that he has exceeded the $100.00 copy limit. Good cause appearing, plaintiff's motion is granted. Plaintiff shall be given a $20.00 credit for copy work to be used to litigate this action only.

**IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider Screening Order (docket #17) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** plaintiff's motion to extend prison copy work limit (docket #4, pages 2-10).

**IT IS FURTHER ORDERED** that plaintiff's motion to extend prison copy work limit (docket #4, pages 2-10) is **GRANTED**. Nevada Department of Corrections shall afford plaintiff up to $20.00 in copy fees as necessary for copy work to be used to litigate this action only.

Dated this 23rd day of June, 2011.

Edward C. Reed.

UNITED STATES DISTRICT JUDGE