## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH MORENO, | ) | 3:11-cv-00179-ECR (WGC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | January 19, 2012 |
| CORTEZ-MASTO, et al., | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   JENNIFER COTTER        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Before the court is Defendants' Motion to Strike Doc. # 36. (Doc. # 37.) Plaintiff opposed (Doc. # 39), and Plaintiff replied (Doc. # 40). Doc. # 36, filed by Plaintiff on July 28, 2011, is titled, "Notice to the Court of Defendants Noncorporation [sic] With Screening Order and Request for Default Judgment." (Doc. # 36.) Plaintiff claims that Defendants have not complied with the screening order because they did not timely file an answer. (*Id*.) Accordingly, Plaintiff asserts Defendants are in default and requests that default judgment be entered against Defendants in the amount of seven million dollars. (*Id*.)

    Defendants move to strike Doc. # 36 because the court previously denied Plaintiff's request to enter default, and this motion simply repeats what Plaintiff asserted in his previous motion to enter default. (Doc. # 37.)

    "The court may strike...any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

    Defendants are correct that Plaintiff previously moved for entry of clerk's default, on June 23, 2011. (Doc. # 25.) Defendants are also correct that the court denied this motion, finding no basis to grant plaintiff's motion for entry of default against defendants. (Doc. # 35.) Notwithstanding this order, Plaintiff now seeks the entry of default judgment against Defendants. (Doc. # 36.)

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. Under Rule 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought and has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Under Rule 55(b), default *judgment* is entered as follows:

> (1) ***By the Clerk.*** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk- on the plaintiff's request, with an affidavit showing the amount due- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) ***By the Court.*** In all other cases, the party must apply to the court for a default judgment...

Fed. R. Civ. P. 55(b).

A prerequisite to the entry of default judgment is the entry of default by the clerk. Fed. R. Civ. P. 55. Here, Plaintiff's request for entry of default was **denied**, and Plaintiff cannot seek the entry of default judgment. Therefore, the court finds Plaintiff's request is redundant and immaterial.

Accordingly, Defendants' motion (Doc. # 37) is **GRANTED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:   /s/
           Deputy Clerk