**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH MORENO, ) | 3:11-cv-00179-ECR (WGC) |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| CORTEZ-MASTO, et. al. ) | |
| ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. 22.)[1] Plaintiff has opposed (Doc. #29), and Defendants have replied (Doc. #34). After a thorough review, the court recommends that Defendants' motion be denied.

## I. BACKGROUND

Plaintiff Joseph Moreno (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. (Doc. #16) at 1.) The events giving rise to Plaintiff's Complaint took place at Nevada State Prison (NSP). (*Id.* at 1, 17.)

Plaintiff alleges that on October 29, 2006, he was victimized by an unknown inmate who threatened to stick a piece of steel in his neck if he found out Plaintiff was a sex offender. (Doc. # 16 at 17.) As a result, Plaintiff requested protective custody. (*Id.*) Plaintiff asserts that on

---
[1] Refers to court's docket number.

October 30, 2006, he was brought before the classification committee, including Defendants Zappetini and Baca, and he was refused protective custody status. (*Id.* at 17-18.)

After he was placed back in general population, Plaintiff alleges that Defendant Baca told Unit Eleven that they would not be permitted to check another inmate's criminal paperwork, *i.e.*, to determine if he is a sex offender, which Plaintiff asserts implicated him as a snitch. (Doc. # 16 at 18.)

Plaintiff requested protective custody in January or February of 2007, because his victim's spouse, J.C. Lister, was being transferred to NSP. (Doc. # 16 at 19.) Plaintiff was brought before the classification committee, which included Defendants Walsh and Baca. (*Id.*) Plaintiff's request for protective custody status was again denied. (*Id.* at 20.) After Plaintiff was placed back in general population, he asserts that J.C. Lister was placed in Unit Thirteen, and the inmates in that unit knew that Plaintiff was a sex offender, putting Plaintiff in great danger. (*Id.*)

Plaintiff goes on to allege that he was raped by inmate Kevin Stone on March 19, 2009. (Doc. # 16 at 21.) Plaintiff asserts that he requested protective custody after informing prison personnel that he was assaulted. (*Id.*) On April 21, 2009, he reported the assault, including identifying the assailant and providing DNA evidence. (*Id.*)

On April 24, 2009, Plaintiff was taken before the classification committee, which included Defendants Walsh and Baca. (Doc. # 16 at 22.) Plaintiff requested protective custody, and alleges that in response, Defendant Baca accused Plaintiff of trying to blame his staff, and then locked up Plaintiff pending an investigation. (*Id.* at 23.)

On screening, the court found that Plaintiff states a colorable claim for deliberate indifference to a serious threat to his safety against Defendants Walsh, Baca, Zappetini, and the Doe member of the classification committee. (Doc. # 15 at 6.)[2]

Defendants move to dismiss Plaintiff's Complaint, arguing: (1) Plaintiff failed to properly

---

[2] The court indicated that Plaintiff had to learn the true identity of the Doe defendant to proceed against him. To date, Plaintiff has not sought leave to amend to name this Doe defendant.

2

exhaust his administrative remedies; (2) Plaintiff's claim is barred by the applicable statute of limitations; and (3) he fails to state a claim upon which relief may be granted. (Doc. # 22.)

## II.  LEGAL STANDARD

**A.  12(b)(6) Motion to Dismiss**

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Rule 8(a), "a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has found that at minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citation omitted). The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id.* (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.2d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  at 1950.  In addition, pro se pleadings must be liberally construed. *See Hebbe v.  Pliler*, 627 F.3d 338, 342 (9th Cir.  2010) ("we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*"). As a general rule, the court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment. *See Lee v.*

1  *City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

2  **B.  Unenumerated 12(b) Motion to Dismiss for Failure to Exhaust**

3  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendants must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one

1 for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires compliance with the inmate grievance procedure set forth in Administrative Regulation (AR) 740. (Doc. # 22 at 5, Doc. # 22-1 (Ex. D) at 33-44.) Under the version of AR 740 effective during the time period in question, the grievance procedure consisted of: (1) an informal level grievance; (2) a first level grievance; and (3) a second level grievance. (Doc. # 22-1 (Ex. D) at 36-39.)

### III. DISCUSSION

**A. Preliminary Matters**

Preliminarily, the court will address Plaintiff's argument that his Complaint is not limited to Defendants Walsh, Baca, Zappetini, and the Doe classification committee member. (Doc. # 29 at 2.)

Plaintiff's perception of the screening order is incorrect. The screening order expressly limited Plaintiff's Complaint to the claim under the Eighth Amendment for deliberate indifference to a serious threat to his safety against Defendants Walsh, Baca, Zappetini, and the Doe member of the classification committee. (Doc. # 15 at 6.) The Complaint was not allowed to proceed against any other defendants or on any other claims. (Doc. # 15.) Plaintiff was given leave to amend to state a claim for denial of adequate medical care, but to date he has failed to do so. (*See id.*)

**B. Failure to State a Claim Upon Which Relief May be Granted**

Defendants argue that while Plaintiff alleges that decisions in 2006 and 2007 not to place Plaintiff in protective custody constituted deliberate indifference to a serious threat to his safety and security, Plaintiff fails to identify the exact threat that Defendants ignored. (Doc. # 22 at 7.) Specifically, Defendants argue that Plaintiff failed to allege a connection between

5

the request for protective custody based on the threats originating from other inmates in 2006 and 2007 to his alleged assault in 2009. (*Id.*)

Plaintiff argues that he has sufficiently alleged that the failure to place him in protective custody was a continuing wrong and foreseeable factor that resulted in his rape. (Doc. # 29 at 3.)

Taking the allegations as true, and construing them in Plaintiff's favor, as the court must at this juncture, *see Cahill v.,* 80 F.2d at 337-38, the court finds that a reading of Plaintiff's Complaint implies a connection between Plaintiff's 2009 rape and Defendants' alleged failure, starting in 2006, to place him in protective custody. The court makes this determination, in part, because the allegations about the 2009 rape follow immediately after the allegations of the failure to provide him with protective custody status and the allegation that Defendant Baca implicated him as a snitch. (*See* Doc. # 16 at 17-21.) Moreover, Plaintiff specifically asserts that the denial of protective custody sets the background for the continuing wrong that occurred within the past two (2) years, *e.g.*, the 2009 rape. (*See id.* at 20-21.) Accordingly, Defendants' motion to dismiss for failure to state a claim upon which relief may be granted should be denied.

**C. Statute of Limitations**

Section 1983 does not contain its own statute of limitations. Therefore, federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims for cases venued in the forum state. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000)(citation omitted). In Nevada, the statute of limitations for § 1983 actions is two years. Nev. Rev. Stat. § 11.190(4)(e); *see also Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citation omitted). Under federal law, a cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotation marks and citation omitted).

1  Defendants argue that Plaintiff's claims are based on classification hearings that took
2  place in October 2006 and January/February 2007, and are barred by the applicable statute
3  of limitations because Plaintiff did not file his complaint until January 2011. (Doc. # 22 at 7.)
4  The court agrees with Defendants that Plaintiff has not properly applied NRS 11.250 to
5  this case. The court also agrees with Defendants that Plaintiff has improperly applied the
6  relation back doctrine.
7  Notwithstanding, as set forth above, the court must liberally construe Plaintiff's
8  Complaint in his favor. As such, the court finds that Plaintiff has sufficiently alleged a
9  connection between the alleged failure to place him in protective custody, starting in 2006, and
10 the rape in 2009. Therefore, Plaintiff would not have known of the injury which is the basis for
11 his action until the rape occurred in 2009. As a result, Defendants' motion to dismiss on the
12 ground that Plaintiff's Complaint is barred by the statute of limitations should be denied.

**D. Exhaustion**

14 First, Defendants argue that Plaintiff's informal level grievance regarding his requests
15 for protective custody in 2006 and 2007 were untimely because AR 740 required complaints
16 regarding classification hearings to be filed within ten (10) days of the hearing, and Plaintiff did
17 not file his informal level grievance until 2010. (Doc. # 22 at 6-9.)
18 Second, Defendants argue that Plaintiff's grievance regarding Defendant Baca calling
19 Plaintiff a snitch in front of other inmates in 2006 was also untimely because he did not grieve
20 it until 2010. (Doc. # 22 at 6.)
21 In his informal level grievance, filed on December 18, 2010, Plaintiff stated that he
22 received threats from another inmate in 2006, and requested and was denied protective
23 custody status. (Doc. # 22-1 at 6-7.) He also stated that Defendant Baca revealed details of the
24 classification meeting to other inmates, implicating him as a snitch. (*Id.* at 7.) He requested
25 protective custody again on February 28, 2007, in light of Defendant Baca's comments. (*Id.*)[3]

---

[3]Page 4 of Plaintiff's informal level grievance is missing. (*See* Doc. # 22-1 at 7-8.)

7

1  He stated that when an inmate requests to be put into protective custody, he should be placed
2  in protective custody. (*Id.* at 9.) He specifically asserted in his grievance that he was raped
3  after NSP officials failed to place him in protective custody as requested. (*Id.*)

4  The informal level grievance was denied as untimely. (Doc. # 22-1 at 19.)

5  Plaintiff filed a first level grievance on January 5, 2011, stating that he was informed that
6  the time frames were suspended until a disposition is received from the Inspector General.
7  (Doc. # 22-1 at 21.) The first level grievance was also denied, stating that the informal level
8  grievance response was correct. (*Id.* at 22.)

9  Plaintiff filed a second level grievance (Doc. # 22-1 at 23), which was also denied (*id.*
10  at 24).

11  Defendants argue that Plaintiff's informal level grievance was untimely because AR
12  740.05(4)(B) provides that the informal level grievance for issues related to classification
13  should be filed within ten (10) days. (Doc. # 22 at 6-9, Doc. # 22-1 at 37.) Defendants also
14  argued that Plaintiff did not timely grieve Defendant Baca's implication of Plaintiff as a snitch.
15  (Doc. # 22 at 6.)

16  The court finds that Defendants' logic is flawed. The gravamen of Plaintiff's Complaint
17  is that his rights under the Eighth Amendment were violated because Defendants were
18  deliberately indifferent to a serious threat to his safety. (*See* Doc. # 15.) The allegations are that
19  Defendants denied Plaintiff protective custody status several times in 2006 and 2007, and in
20  2009, he was raped. (Doc. # 16.) Plaintiff's Complaint is not focused simply on the denial of
21  protective custody status at the classification committee hearings in 2006 and 2007, as
22  Defendants suggest. Nor is his Complaint focused simply on Defendant Baca implicating him
23  a snitch in 2006. Rather, the focus of Plaintiff's claim is on Defendants' deliberate indifference
24  to a serious threat to his safety, starting in 2006, which culminated in the 2009 rape.
25  Therefore, his grievance should not have been subject to the ten (10) day time period limitation
26  for classification issues in AR 740.05(4)(B). Instead, it should have been treated as a civil rights
27  claim.

28

8

For the foregoing reasons, Defendants' motion to dismiss for failure to exhaust administrative remedies should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order that Defendants' Motion to Dismiss (Doc. # 22) be **DENIED**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: January 19, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

9