# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH MORENO, | ) | 3:11-cv-00179-ECR (WGC) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CATHERINE CORTEZ MASTO, *et. al.* | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Leave to Amend Civil Rights Complaint. (Doc. # 51.)[1] Also before the court is Defendants' Motion for Screening of Plaintiff's Amended Complaint. (Doc. # 53.) As set forth in detail below, Plaintiff's motion is granted in part and denied in part, and Defendants' motion is granted.

## I. BACKGROUND

Plaintiff Joseph Moreno (Plaintiff), a *pro se* litigant in custody of the Nevada Department of Corrections (NDOC), brings this action pursuant to 42 U.S.C. § 1983. (Pl.'s Compl. (Doc. #16 ) at 1.) The events giving rise to Plaintiff's Complaint took place at Nevada State Prison (NSP). (*Id.* at 1, 17.)

Plaintiff alleges that on October 29, 2006, he was victimized by an unknown inmate who threatened to stick a piece of steel in his neck if he found out Plaintiff was a sex offender. (Doc. # 16 at 17.) As a result, Plaintiff requested protective custody. (*Id.*) Plaintiff asserts that on October 30, 2006, he was brought before the classification committee, including Defendants Zappetini and Baca, and he was refused protective custody status. (*Id.* at 17-18.)

---
[1] Refers to court's docket number.

After he was placed back in general population, Plaintiff alleges that Defendant Baca told Unit Eleven that they would not be permitted to check another inmate's criminal paperwork, *i.e.*, to determine if he is a sex offender, which Plaintiff asserts implicated him as a snitch. (Doc. # 16 at 18.)

Plaintiff requested protective custody in January or February of 2007, because his victim's spouse, J.C. Lister, was being transferred to NSP. (Doc. # 16 at 19.) Plaintiff was brought before the classification committee, which included Defendants Walsh and Baca. (*Id.*) Plaintiff's request for protective custody status was again denied. (*Id.* at 20.) After Plaintiff was placed back in general population, he asserts that J.C. Lister was placed in Unit Thirteen, and the inmates in that unit knew that Plaintiff was a sex offender, putting Plaintiff in great danger. (*Id.*)

Plaintiff goes on to allege that he was raped by inmate Kevin Stone on March 19, 2009. (Doc. # 16 at 21.) Plaintiff asserts that he requested protective custody after informing prison personnel that he was assaulted. (*Id.*) On April 21, 2009, he reported the assault, including identifying the assailant and providing DNA evidence. (*Id.*)

On April 24, 2009, Plaintiff was taken before the classification committee, which included Defendants Walsh and Baca. (Doc. # 16 at 22.) Plaintiff requested protective custody, and alleges that in response, Defendant Baca accused Plaintiff of trying to blame his staff, and then locked up Plaintiff pending an investigation. (*Id.* at 23.)

On screening, the court found that Plaintiff states a colorable claim for deliberate indifference to a serious threat to his safety against Defendants Walsh, Baca, Zappetini, and the Doe member of the classification committee. (Doc. # 15 at 6.) The court indicated that Plaintiff had to learn the true identity of the Doe defendant to proceed against him. (*Id.*) To date Plaintiff has not sought leave to amend with respect to this Doe defendant. Nor has Plaintiff included him as a defendant in his proposed Amended Complaint. Plaintiff was also previously given leave to amend to state a claim for denial of medical care, but to date has failed to do so, and does not seek to add such a claim at this juncture. (*Id.*)

2

Plaintiff moves to amend his Complaint as follows: (1) to eliminate the following defendants that were dismissed on screening: Catherine Cortez Masto, Don Helling, Rod Moore, Greg Smith, William Donat, and Joy Trushenski; (2) to correct the date of the first request for protective custody from October 30, 2006 to November 1, 2006; (3) to correct the date of the second request for protective custody which is currently unknown; (4) to reflect that the head caseworker present at Plaintiff's first request for protective custody was Elizabeth Walsh and not Shell Zappetini. (Doc. # 51.)

Defendants did not oppose Plaintiff's motion; instead, they filed a motion requesting that the court screen the Amended Complaint. (Doc. # 53.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Scheduling Order in this case required that a motion to amend be filed on or before April 23, 2012. (Doc. # 46 at 2.) Therefore, Plaintiff's motion, filed on April 11, 2012, is timely.

Local Rule 15-1 requires that a party moving to amend a pleading "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading." L.R. 15-1(a). Plaintiff filed a proposed Amended Complaint. (Doc. # 51-2.)

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A (b).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915A when reviewing the adequacy of a complaint or amended

3

1 complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel*
2 *v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

3       A complaint must contain more than a "formulaic recitation of the elements of a cause
4 of action;" it must contain factual allegations sufficient to "raise a right to relief above the
5 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
6 must contain something more . . . than . . . a statement of facts that merely creates a suspicion
7 [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice
8 and Procedure § 1216, at 235-36 (3d ed. 2004)).

> [A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

13 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

14       In reviewing a complaint under this standard, the court must accept as true the
15 allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S.
16 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all
17 doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). While the court
18 must accept the allegations as true, "[t]hreadbare recitals of the elements of a cause of action,
19 supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation
20 omitted). Allegations in pro se complaints are held to less stringent standards than formal
21 pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S.
22 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v.*
23 *Brown*, 630 F.3d 889, 893 (9th Cir.  2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
24 699 (9th Cir. 1990).

### III.  DISCUSSION

**A. Cortez Masto, Helling, Moore, Smith, Donat, and Trushenski**

27       Plaintiff requests leave to amend to eliminate defendants Catherine Cortez Masto, Don

4

Helling, Rod Moore, Greg Smith, William Donat, and Joy Trushenski. These defendants were dismissed on screening. (Doc. # 15.) No further action was necessary to eliminate them from the pleading. However, to the extent Plaintiff's proposed Amended Complaint eliminates these defendants and the allegations against them, his request for leave to amend is granted.

**B. First Request for Protective Custody**

Plaintiff seeks leave to amend to correct the date of the first request for protective custody from October 30, 2006 to November 1, 2006. (*See* Doc. # 16 at 17, ¶ 22 compared to Pl.'s proposed Am. Compl. (Doc. # 51-2) at 12, ¶ 10, Doc. # 16 at 17-18, ¶ 24 compared to Doc. # 51-2 at 13, ¶ 12.)

Plaintiff's request for leave to amend in this regard is granted.

**C. Second Request for Protective Custody**

Plaintiff seeks leave to amend to correct the complaint with respect to the date of the second request for protective custody which is currently unknown. (*See* Doc. # 16 at 19, ¶ 29 compared to Doc. # 51-2 at 14, ¶ 17.)

Plaintiff's request for leave to amend to clarify this point is granted.

**D. Head Caseworker Present at the First Request for Protective Custody**

Plaintiff seeks leave to amend to correct the complaint to reflect that the head caseworker present at Plaintiff's first request for protective custody was Elizabeth Walsh and not Shell Zappetini. (*See* Doc. # 16 at 18, ¶ 25 compared to Doc. # 51-2 at 13, ¶ 13.)

Plaintiff's request for leave to amend to clarify the roles of these defendants is granted.

**E. Miscellaneous issues**

Plaintiff has submitted a proposed Amended Complaint in connection with his motion. (Doc. # 51-2.) The court has reviewed the proposed Amended Complaint in comparison with the original Complaint, including various additions and deletions not specifically discussed in Plaintiff's motion and makes rulings regarding amendment as set forth below.

**1. Ken Grafton**

Plaintiff includes Ken Grafton in the caption of his proposed Amended Complaint,

5

although he is not otherwise included as a defendant. (*See* Doc. # 51-2 at 1.) Mr. Grafton's name will be **STRICKEN** from the caption.

### 2. Fourteenth Amendment

Plaintiff's proposed First Amended Complaint contains a reference to a Fourteenth Amendment claim (*see* Doc. # 51-2 at 5); however, on screening, the court determined that the only claim that may proceed is Plaintiff's claim under the Eighth Amendment for deliberate indifference to a serious threat to his safety against Defendants Walsh, Baca, Zappetini. (Doc. # 15.) Therefore, the reference to a Fourteenth Amendment claim in Count II will be **STRICKEN** from the Amended Complaint.

### 3. Defendants present at the second classification committee hearing

Plaintiff originally alleged that defendants Walsh and Baca were present at the second classification committee hearing (Doc. # 16 at 19, ¶ 31), but now alleges that it was defendants Zappetini and Baca who were present at the second classification committee hearing (Doc. # 51-2 at 15, ¶ 19.) The court will allow Plaintiff to amend his pleading in this matter.

### 4. Property

Plaintiff still includes allegations regarding the taking of his property which the court previously determined do not state a claim; therefore, paragraph 21 of the Amended Complaint will be **STRICKEN**.

### 5. Additions and deletions

In addition, Plaintiff has omitted several paragraphs from the original Complaint and added some new allegations in the proposed Amended Complaint, as follows:

Plaintiff has omitted paragraphs 37 -39 of the original Complaint from his Amended Complaint. (*See* Doc. # 16 at 21, ¶¶ 37, 38, 39.)

Plaintiff has added a new paragraph to the Amended Complaint at paragraph 25: "All the defendants knew of a systematic lapse in enforcement at (NSP) of policy and or classification committees [sic] inadequate classifying of inmates in the past but allowed it to continue." (Doc. # 51-2 at 17, ¶ 25.) While Plaintiff originally alleged that the DNA evidence

6

and informal grievance was handed over to the Inspector General on April 23, 2009, he now alleges that this occurred on April 22, 2009. (Doc. # 16 at 22, ¶ 40 compared to Doc. # 51-2 at 18, ¶ 26.)

Plaintiff omitted paragraphs 42-44, 46-48, 50-64 of the original Complaint. (Doc. # 16 at 23-29, ¶¶ 42-44, 46-48, 50-64.) In their place, he added the new allegations in paragraphs 30-33 of the proposed Amended Complaint. (Doc. # 51-2 at 19-20, ¶¶ 30-33.) He asserts that NSP employees failed to contact the local police during their investigation of Plaintiff's rape (*id.* at ¶ 30); they failed to log Plaintiff's informal grievance into the system (*id.* at ¶ 31); Plaintiff suffered from pain and injury for weeks (*id.* at ¶ 32); and that defendant Baca had a pattern of indifference to prisoner requests for protective custody (*id.* at ¶ 33).

The court will allow Plaintiff to amend his Complaint with respect to the foregoing additions and deletions.

**F. Screening**

By and large, Plaintiff's proposed Amended Complaint merely seeks to clarify certain dates and details alleged in the original Complaint. His proposed amendments do not change the substantive nature of the claim made in the original Complaint. Accordingly, the court finds that Plaintiff's Amended Complaint states a colorable claim under the Eighth Amendment for deliberate indifference to a serious threat to Plaintiff's safety against defendants Walsh, Baca, and Zappetini.

Insofar as Plaintiff's Amended Complaint makes reference to the Fourteenth Amendment, due process, and the equal protection clause (Doc. # 51-2 at 21-22, ¶¶ 37-41(b)) as claims being asserted, these paragraphs will be **STRICKEN** from Plaintiff's Amended Complaint.

### III. CONCLUSION

(A) The court has screened Plaintiff's proposed Amended Complaint, and therefore, Defendants' motion (Doc. # 53) is **GRANTED**.

(B) Plaintiff's motion (Doc. # 51) is **GRANTED IN PART AND DENIED IN PART** as

7

follows:

(1) Plaintiff's request for leave to amend to eliminate defendants Catherine Cortez Masto, Don Helling, Rod Moore, Greg Smith, William Donat, and Joy Trushenski and the allegations against them, which were previously dismissed on screening (Doc. # 15) is **GRANTED**;

(2) Plaintiff's request for leave to amend to correct the date of the first request for protective custody from October 30, 2006 to November 1, 2006 (*see* Doc. # 16 at 17, ¶ 22 compared to Pl.'s proposed Am. Compl. (Doc. # 51-2) at 12, ¶ 10, Doc. # 16 at 17-18, ¶ 24 compared to Doc. # 51-2 at 13, ¶ 12) is **GRANTED**;

(3) Plaintiff's request for leave to amend to correct the complaint with respect to the date of the second request for protective custody which is currently unknown (s*ee* Doc. # 16 at 19, ¶ 29 compared to Doc. # 51-2 at 14, ¶ 17) is **GRANTED**;

(4) Plaintiff's request for leave to amend to correct the complaint to reflect that the head caseworker present at Plaintiff's first request for protective custody was Elizabeth Walsh and not Shell Zappetini (*see* Doc. # 16 at 18, ¶ 25 compared to Doc. # 51-2 at 13, ¶ 13) is **GRANTED**;

(5) Ken Grafton's name is **STRICKEN** from the caption of the Amended Complaint (*see* Doc. # 51-2 at 1);

(6) Reference to a Fourteenth Amendment claim in Count II (*see* Doc. # 51-2 at 5) is **STRICKEN** from the Amended Complaint;

(7) Plaintiff is **GRANTED** leave to amend with respect to his allegation that defendants Zappetini and Baca were present at the second classification committee hearing and not defendants Walsh and Baca (*see* Doc. # 16 at 19, ¶ 31, Doc. # 51-2 at 15, ¶ 19);

(8) The allegations regarding the taking of Plaintiff's property do not state a claim (Doc. # 51-2 at ¶ 21) are **STRICKEN**;

(9) Plaintiff is **GRANTED** leave to amend insofar as he has omitted paragraphs 37-39, 42-44, 46-48, 50-64 of the original Complaint (*see* Doc. # 16 at ¶¶ 37-39, 42-44, 46-48, 50-64);

8

(10) Plaintiff is **GRANTED** leave to amend insofar as he has added paragraphs 25, 30-33 to the Amended Complaint (*see* Doc. # 51-2 at ¶¶ 25, 30-33)

(11) Insofar as Plaintiff's Amended Complaint makes reference to the Fourteenth Amendment, due process, and the equal protection clause (Doc. # 51-2 at 21-22, ¶¶ 37-41(b)) as claims being asserted, these paragraphs are **STRICKEN** from Plaintiff's Amended Complaint.

(C) The Clerk's office is directed to **FILE** the Amended Complaint (Doc. # 51-2);

(D) Plaintiff may proceed on his claim under the Eighth Amendment for deliberate indifference to a serious threat to his safety against defendants Baca, Walsh, and Zappetini;

(E) Defendants are ordered to file and serve their responsive pleading within **fourteen days of the date of this order**;

(F) The Scheduling Order (Doc. # 46) is **VACATED**, and a new Scheduling Order will be issued;

(G) Because there is a new operative pleading, Plaintiff's pending Motion for Summary Judgment is **DENIED AS MOOT**. He may file a new dispositive motion that addresses the Amended Complaint in accordance with Federal Rule of Civil Procedure 56, the Local Rules and any scheduling order subsequently issued by the court.

**IT IS SO ORDERED**

DATED: May 4, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

9