# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH MORENO, | ) | 3:11-cv-00179-ECR-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CORTEZ-MASTO, *et al.*, | ) | |
| Defendants. | ) | |

Before the court is plaintiff's "Motion Respectfully Requesting Relief for Defendants Retaliation." (Doc. #55.) Plaintiff's motion was previously addressed at a status conference on June 11, 2012. Defendants have now filed an opposition to plaintiff's motion (Doc. #79), to which plaintiff filed a reply (Doc. #81).

While the defendants' opposition was technically untimely, the court was able to evaluate the substance of plaintiff's motion (Doc. #55) with the aid of oral arguments at the status conference on June 11, 2012 (Doc. #78). As reflected in the Minutes of that conference, the court concluded plaintiff's motion ". . . does not present any claim for which relief can be provided by the Court." (Doc. #78 at 2.)

Plaintiff's reply memorandum (Doc. #81) also includes a request "the court reconsider the Judgment of (Doc. 78)." (*Id.* at 1.) There was no "judgment" in "Doc. 78"; rather, Doc. #78 consists of the Minutes of Proceedings which addressed, *inter alia*, plaintiff's filing entitled "Respectfully Requesting Relief for Defendants Retaliation" (Doc. #55). Nevertheless this order will dispose of plaintiff's underlying motion (Doc. #55) as well as plaintiff's request for reconsideration (Doc. #81).

Plaintiff's motion (Doc. #55) was filed after plaintiff's cell was searched by Nevada Department of Corrections (NDOC) officials. What the court discerned from the parties' filings and oral argument was that the Attorney General's Office apparently served defendants' answers (or certain defendants' answers) to plaintiff's discovery which were still in draft format. Later, the Attorney General's Office served final versions which differed in form and content from the initially-served draft versions.

When the deputy attorney general discovered this mistake, he contacted plaintiff to "find out what he received, but the plaintiff would not cooperate." The deputy attorney general then requested the warden to search plaintiff's cell. (Doc. #79 at 2.) Certain discovery documents may have been seized by NDOC, but according to plaintiff's representation at the 6/11/12 status conference, those documents have since been returned to him. (Doc. #78 at 2.)

Although the court has ruled against plaintiff on the "retaliation" issue, the record should reflect the court does not condone the procedure the Attorney General's Office and NDOC employed herein to retrieve errantly served documents, i.e., searching plaintiff's cell and seizing documents from him. It seems the better procedure, even in the case of an inmate plaintiff, would have been to have made a motion to the court to "claw back" errantly produced documents.[1] However, for the reasons explained herein, plaintiff has not shown the cell search was motivated by "retaliatory motives" or with any intent to intercept plaintiff's "legal mail." The court concludes, again, as it did at the June 11 hearing, that plaintiff's motion does not present any claim for which relief can be granted.

Plaintiff relies on *Proudfoot v. Williams*, 803 F.Supp. 1048 (E.D. PA 1992), for the proposition a search of "legal mail" by prison officials "chills" the prisoner's First and Sixth Amendment rights. While the court therein did hold that such a search violated plaintiff's constitutional rights of access to the courts, the court also found the defendants were entitled to qualified immunity. Although the prison officials who searched plaintiff's cell herein apparently did not review plaintiff's "legal mail," (as in *Proudfoot*), and although the qualified immunity is not at issue herein, the Court can understand

---

[1] The justification presented by defendants, i.e., ". . . to protect potential threats to institutional safety and security . . ." rings hollow. (Doc. #78 at 2-3.) Defendants fail to explain how draft answers to discovery can present a security risk.

2

1  that the NDOC officials may not have been able to discern that such a search was likely not a
2  legitimate exercise of prison supervisory and administrative powers (the directive to conduct the search
3  came from a deputy attorney general). Issues arising from a search of a prisoner's cell are also
4  discussed the *Proudfoot* decision at page 1054 in the context of "balancing the need for the particular
5  search against the invasion of personal rights the search entails." *Proudfoot*, *supra*, at 1054, *citing*
6  *Bell v. Wolfish*, 441 U.S. 520, 558 (1979).

7  Of further interest in *Proudfoot* was that the District Court rejected plaintiff's common law
8  claims of intentional infliction of emotional distress (and others). The court also found defendants
9  acted "without the requisite intent to harm plaintiff . . . ." *Proudfoot*, *supra*, at p. 1054. Similarly,
10 in the instant matter, even if the deputy attorney general and corrections officers were defendants
11 herein, plaintiff's claim of "retaliation" lacks any evidence of an "intent to harm plaintiff."

12 It is important to note that neither the prison officials who searched his cell nor the deputy
13 attorney general who requested the search are defendants in the instant matter, as were the officials in
14 *Proudfoot*. The court expresses no opinion whether this conduct complained of by plaintiff may give
15 rise to an independent § 1983 claim. The relief plaintiff seeks for these matters, i.e., ". . . the full
16 amount of relief demanded in the complaint" (Doc. #55 at 4) is disproportionate to the actions of
17 which plaintiff complains. As was discussed at the aforementioned hearing (Doc. #78 at 2), the
18 ". . . plaintiff has secured all documents that were previously provided by the court." (*Id*.) He was
19 only temporarily deprived of these documents and has not identified any specific prejudice as a result
20 of this temporary deprivation. The Court also noted plaintiff ". . . may make comments as to the
21 alleged discrepancies found in Exhibit A of plaintiff's DKT. #77" at the appropriate time. (*Id*.)

22 Therefore, plaintiff's motion (Doc. #55) and request for reconsideration (Doc. #81) are
23 **DENIED.**
24 **IT IS SO ORDERED.**
25 DATED: June 26, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3