UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| JOSEPH MORENO, | ) | CASE NO. 3:11-CV-00179-ECR-WGC |
| | ) | |
| Plaintiff, | ) | MINUTES OF PROCEEDINGS |
| | ) | |
| vs. | ) | DATED: September 21, 2012 |
| | ) | |
| CATHERINE CORTEZ MASTO, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

PRESENT: HONORABLE WILLIAM G. COBB , U.S. MAGISTRATE JUDGE

Deputy Clerk: Katie Lynn Ogden    Reporter:                      FTR

Counsel for Plaintiff: Joseph Moreno, In Pro Per (Telephonically)

Counsel for Defendants:   Kaitlyn Miller

**MINUTES OF PROCEEDINGS: Motion Hearing**

11:04 a.m. Court convenes.

The court acknowledges that, present with defendants' counsel Kaitlyn Miller, is Mr. Scott Howard, Information Technology Professional IV at the Nevada Department of Corrections ("NDOC").

The court briefly summarizes the history of this case and notes that the court directed the defendants to produce an unredacted copy of the State of Nevada Department of Corrections Case Note Printout Report from November 2, 2006 (see Minutes of Proceedings, Dkt. #78). The court notes that although defendants produced the document, it still had the preprinted form language "restricted case notes have been removed from this report," which appears to be plaintiff's concern regarding production of this case note.

Plaintiff represents that because the case note he received from the defendants states that "restricted notes have been removed," he believes there are more discoverable documents. The court reminds plaintiff that, the document at issue is to plaintiff's request for production no. 6, not any other documents. The court notes that since the prior hearing, defendants have accomplished producing plaintiff's request for production no. 6 document, unredacted, to plaintiff.

The court requests Mr. Scott Howard to address the court and provide the court and Mr. Moreno the history of what has been done with the document at issue in order for it to be produced to Mr. Moreno as order by the court. Mr. Howard first acknowledges that the language on the document regarding removed case notes is not clear; however, the language did not mean there was necessarily any case notes missing or language redacted. Rather, the language indicates

**MINUTES OF PROCEEDINGS**
3:11-cv-00179-ECR-WGC
Date: September 21, 2012
Page 2

a blanket disclosure that there may be the possibility that there could be restricted case notes removed.  Mr. Howard represents that there is no other information relevant or which pertains to this particular case note at issue.  He further indicates that he double checked that there were no restricted case notes for Mr. Moreno, as well as checked the "delete logs" to make sure no case notes have been previously deleted.  The court verifies with Mr. Howard that Dkt. #88, Exhibit B, is therefore the full, complete  case note with nothing restricted and nothing redacted.

The court finds that the defendants have adequately complied with the court order of June 11, 2012, specifically with regards to Plaintiff's Request for Production No. 6 (Dkt. #78). Therefore, plaintiff's "Notice to the Court of Defendants Failure to Comply with the Court's Order and Cooperate in Discovery" (Dkt. #87) is **DENIED as moot** and is hereby disposed of.

The court proceeds to address the status of defendants' motion for summary judgment (Dkt. #84) and the documents that follow.  The court notes that Mr. Moreno submitted a document entitled, "Motion to Strike Defendants Motion for Summary Judgment Converted to Motion for Summary Judgment" (Dkt. #91), and asks Mr. Moreno to explain what his intention are regarding this motion.  Mr. Moreno represent that it is his intention for Dkt. #91 be submitted as a motion for summary judgment.

Ms. Miller represents that the defendants interpreted Mr. Moreno's document (Dkt. #91) as an opposition to their motion for summary judgment (Dkt. #84) and therefore responded with a reply (Dkt. #94).

The court inquires whether the defendants would be satisfied with their reply (Dkt. #94) as also being treated as their response to plaintiff's motion for summary judgment, should the court construe plaintiff's Dkt. #91 as such.  Ms. Miller represents that she believes that their reply (Dkt. #94) is a sufficient response.

The court construes Dkt. #91 as being a two-part document: Part 1 – is to be construed as plaintiff's opposition to the defendants' motion for summary judgment (Dkt. #84) and Part 2 – is to be construed as plaintiff's motion for summary judgment.  Therefore, defendants' reply, Dkt. #94, is considered both a reply to plaintiff's opposition (Dkt. #91) to defendants' motion for summary judgment (Dkt. #84) and defendants' opposition to plaintiff's motion for summary judgment (Dkt. #91).  Plaintiff represent that he waive the opportunity to file any reply to defendants' opposition (Dkt. #94) to plaintiff's converted motion for summary judgment (Dkt. #91).

The court finds that, as to the extent plaintiff seeks a default judgment (Dkt. #100), it is **DENIED** by reason of the court's accommodation to recognize plaintiff's motion to strike as being a motion for summary judgment (Dkt. #91).

**MINUTES OF PROCEEDINGS**
3:11-cv-00179-ECR-WGC
Date: September 21, 2012
Page 3

IT IS SO ORDERED.

11:18 a.m.  Court adjourns.

LANCE S. WILSON, CLERK

By:_____/s/_____
      Katie Lynn Ogden, Deputy Clerk